```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION Nos. 2:15-00170
                                                   2:07-00229

**LLOYD ELLIS RAPP**

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's Emergency Motion for Compassionate Release (Criminal Action No. 15-00170, ECF No. 30; Criminal Action No. 07-0029, ECF No. 60)[1], filed August 21, 2020.

The government filed a response in opposition (ECF No. 32) on September 22, 2020. The defendant filed a reply memorandum (ECF No. 35), on October 9, 2020. The defendant has also filed two supplemental memoranda in support of his motion (ECF No. 36 and ECF No. 37), these memoranda were filed on November 3, 2020 and November 20, 2020.

---

[1] Inasmuch as the same documents are filed in both cases, the court refers to the documents as docketed in Criminal Action No. 15-00170.

## I. Background

On November 13, 2015, defendant Lloyd Ellis Rapp ("Rapp") pled guilty to Count One of a two-count indictment. ECF No. 23; ECF No. 24. Count One charged Rapp with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On February 17, 2016, this court sentenced Rapp to 100 months imprisonment followed by 3 years of supervised release. ECF No. 26.

According to the Federal Bureau of Prisons ("BOP"), Rapp's projected release date is June 23, 2023. Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited August 4, 2022). He is currently incarcerated at FCI Beckley. Id.

## II. Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[2] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

### III. Analysis

With regard to claims that compassionate release is warranted due to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the

---

[2] While Rapp did not attach evidence of his exhaustion with his motion, counsel for Rapp has since provided evidence that Rapp sought compassionate release from the BOP on September 30, 2020, and that the BOP denied the same on October 6, 2020. ECF No. 36; ECF No. 36-1.

disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

By counsel, Rapp avers that he is at an increased risk for severe illness or death if he contracts COVID-19 due to his chronic obstructive pulmonary disease ("COPD") diagnosis. ECF No. 30, at 3. Rapp states that he is prescribed three inhalers for the management of his condition. Id. In addition to his COPD, Rapp also claims he suffers from neuropathy in his legs and right arm. Id. at 4. He also has bipolar disorder, for which he takes psychotropic medication. Id. The court was made aware of many of Rapp's medical conditions, including COPD, in the Presentence Report that was prepared in advance of Rapp's sentencing. See PSR ¶¶ 94–113.

According to the CDC, individuals with chronic lung diseases like COPD are at an elevated risk of developing severe illness after contracting COVID-19. See Center for Disease

4

Control, Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

Although Rapp's COPD increases his risk of experiencing serious illness should he contract COVID-19, the court finds that Rapp has failed to establish that he has a particularized risk of contracting COVID-19 at his prison facility.

As of August 4, 2022, the BOP reports that there is 1 confirmed open case of COVID-19 amongst inmates and 1 case amongst staff at FCI Beckley. COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last visited August 4, 2022).

Given the widespread presence of COVID-19 outside the prison system, see COVID Data Tracker, CDC, https://covid.cdc.gov/covid-data-tracker/#trends_dailycases (last visited August 4, 2022), the court simply cannot find that Rapp is more likely to contract COVID-19 at his prison facility than he would if released.

Accordingly, the court finds Rapp has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

5

To the extent Rapp may have asserted that compassionate release is appropriate based on his medical conditions, the court finds that Rapp has not pled that the BOP has failed to provide him with adequate medical care, nor has he proffered that his illnesses are so serious that he is unable to provide self-care while incarcerated. Neither has he furnished any prison medical records respecting the medical conditions of which he complains. Accordingly, the court concludes that Rapp's medical conditions are not so extraordinary and compelling as to warrant compassionate release.

Inasmuch as the court finds that release is not warranted under § 3582(c), the court does not address whether release would be consistent with the factors set forth in § 3553(a).

## IV. Conclusion

In light of the forgoing, the court ORDERS that Defendant's Emergency Motion for Compassionate Release (Criminal Action No. 15-00170, ECF No. 30; Criminal Action No. 07-0029, ECF No. 60) be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: August 4, 2022

John T. Copenhaver, Jr.
Senior United States District Judge